yes may it please the court mr. Flores Martinez has a particular social group that can be recognizable as family members of victims of organized crime in Mexico he has he has testified credibly that he was the victim of a crime by la Amelia in Guerrero Mexico and therefore the the case should be remanded to to the trial court to to let him pursue his claim may I interrupt you sir the IJ did not make an explicit nexus regarding a particular social group did it no so why should we make that nexus I agree the the court I don't believe the court can I believe maybe that's one of the reasons it should be remanded but but but counsel as I understand the facts your client testified that because of a woman he was dating or involved in a relationship with a gang threatened that and beat him up right correct and so and he and this was 20 years ago or so 22 I believe so what evidence was there in the record that before the administrative law judge that if your client returned to Mexico he would still be targeted by la familia given that his relationship with this this woman that was the original beating was 2022 years in the past there would be no evidence of that your honor isn't that a record isn't that a requirement doesn't he have to show a fear that it would have that persecution would occur where he returned to the country of origin yes that's correct your honor be the future well-founded fear of future persecution and if if that's missing doesn't he simply lose yes sure so yes the the record does lack that your honor and yes my clients did these occurrences did occur 22 years ago he does have a fear from his past persecution that it would happen to him again so we would submit that if you would still have eligibility for protection under section 208 of the of the I know well but if you've basically conceded that there's you know no evidence of nexus or put it another way there's substantial evidence to support the agency's finding of no nexus that that seems to dispose of the withholding claim one should rest them the torture claim which doesn't have an excess the torture claim your honor would be that he would fear la familia which is a group that is that the government Mexico's unwilling unable to control that he would suffer torture and former beatings if he were to return again to his native country but why isn't it why wasn't it reasonable on this record for the agency to say that in its view it was not more likely than not that we would face torture I mean I understand there's an argument but they should have come out the other way but that's not the standard we apply that's correct wrong the agency should have made that finding but the under the standard reply fail moving to the asylum claim sir do you concede that the asylum application is untimely yes your honor there is no there is no acceptance of one-year rule we certainly appreciate your candor I do do either of my colleagues have any further questions mr. O'Connor would you like to reserve your remaining time all right we'll hear from the attorney for the Attorney General good morning your honors and may it please the court my name is Jonathan Ross and I represent the respondent in this matter the United States Attorney General today mr. Flores has the sizable burden to show how the the court just heard he's conceded that the asylum application was untimely and he's conceded the other independently dispositive ground of his case that there's no nexus to support his claim for for statutory withholding of removal therefore moving forward the only claim that is presently live before the court is the claim under the Convention Against Torture which substantial evidence supports the immigration judge as affirmed by the board found that the single incident of harm mr. Flores experience didn't rise to the level of torture in fact his entire torture claim is predicated on the same encounter that was used to support his asylum and statutory withholding of removal because there was no because of this dispositive finding that the the torture in the past didn't rise to the harm didn't rise to the level of torture it there's still a further inquiry that is made and that's because past torture although relevant the convention against torture claim is exclusively forward-looking because mr. Flores does not show why the record compels reversal of the conclusion that of the factual finding that a clear probability does not exist to a future likelihood of torture therefore he cannot survive the petition for review cannot survive in the court can resolve this claim by dismissing excuse me by denying the petition for review and vacating the state of removal was there any evidence of acquiescence by a government official in the likelihood of torture no judge but there was no evidence of acquiescence in fact on mr. Flores is testimony in this documentary evidence as well as the argument of counsel never even addressed the acquiescence component not I'm sorry sorry no no no I did I didn't know if you had concluded very well thank you very much not hearing any other questions the government rest on the briefs thank you could do any of my colleagues have any questions all right if if you want to want to speak again all right we thank counsel for their arguments and the case just argued will be submitted
judges: BENNETT, COLLINS, Foote